————o————

No. 3441.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF MRS FLORENCE LONGLEY.

1. Laws in derogation of common right and detrimental to the interest of creditors, such as homestead laws, must be strictly constructed and cannot be aided by implications, nor extended beyond their clear and precise import.

2. Where the statute grants to the necessitous widow or minor children of a deceased person a right to receive $1000 from the Succession of the deceased father and husband, the privilege

231

cannot be extended to the minor children's claim of the same nature against the insolvent estate of their deceased widowed mother.

3. Any attempt to extend the necessitous minor's claim beyond the Succession of the father is judicial legislation, and ignores the codal axiom that when a law is clear and free from ambiguity, the letter of it is not to be disregarded, under the pretence of pursuing its spirit.

Appeal from Civil District Court, Division C.

F. Rivers Richardson, for Succession, appellant.

B. W Kernan, for Opponent, appellee.

DUFOUR, J. The question presented is whether or not a minor in necessitous circumstances is entitled to the homestead allowance provided by Art. 3252 R. C. C., from the insolvent estate of her deceased widowed mother.

The article reads as follows.

"Whenever the widow, or minor children, of a deceased person, shall be left in necessitous circumstances, and not possess in their own right property to the amount of one thousand dollars, the widow, or legal representatives of the children, shall be entitled to demand and receive from the succession of the deceased husband or father, a sum which added to the amount of property owned by them, or either of them, in their own right, will make up the sum of one thousand dollars, and which amount shall be paid in preference to all other debts.

There are three decisions in our reports more or less directly on the point in controversy.

In 27 An. 289, it was argued "that the law only authorizes a homestead against the estate of a deceased husband father, and not against the Succession of the deceased mother, that privileges are stricti juris, and the party claiming them must point to the express law which gives him such preference on account of the nature of the debt." To this, the Court, without any reasoning, gave the following unsatisfactory answer, which appears to be a mere begging of the question.

"It is clear that the construction of the homestead law, contended for by the opponents is untenable. Such a construction would be at war with the plain meaning of the law, as well as with the obvious purpose for which it was enacted."

In passing on that case, (in 32 A. 457,) the Supreme Court said (the Court) upon being asked to overrule it 'The construction of a statute is always a matter of delicacy, and once made should not be lightly abandoned While if the question were new we might hes-

232

itate to take the view taken in the Coleman case, it is far from certain that the terms of the statue do not justify that view. The words whenever the 'widow or minor child of a deceased person, 'are certainly broad enough to authorize the minor to claim from the estate of either the father or the mother. True, the subsequent words, from the Succession of their deceased husband or father, would seem to limit the word 'person," but the effect or this seeming restriction is doubtful, in view of the terms of Art. 3556 C. C.

The foregoing reasoning is a sword which cuts both ways; if person, under the article quoted means 'man or woman." "children "also means "not only the children of the first degree, but the grandchildren, great grandchildren. and all the other descendants in the direct line."

From which it would follow that a statute bestowing certain rights on a widow or minor children in the Succession of a husband and father would be applicable to the most remote ascendants of both sexes in the direct ascending line.

Such a construction is strained and unjustifiable, when the principle is recalled that exemptions destructive of the rights of creditors must be strictly constructed, A judicial fancy as to the policy or spirit of the law may assist in understanding, but not in destroying its letter.

"Laws in derogation of common right must be strictly construed and cannot be aided by implication, nor extended beyond their clear and precise import so as to reach persons, cases, or things, other than those they specifically embrace. Such is the interpretation of xxxxxxx homestead laws.

Hen. Dig. Vol. 1, P.785.

In 32 An, 1289, the Bermudez Court, did not show the same "delicacy" and "hesistancy" in abandoning the previous construction of a statute.

It overruled the Coleman case as "without foundation in law and reason" though it made no mention of the case in 32 An. 457.

The issue was whether or not a minor was entitled to the homestead from her grandmother's Succession.

In denying the claim, the Court said:

"The meaning of the article, so far as it designates the succession against which the demand may be made is as clear as language can make it. To translate a vigorous French expression, 'it jumps to the eye.'

It is from the succession of their deceased father or husband. The minors would have no more right to claim the amount from the succession of their mother than from the succession of their deceased aunt."

"The motive of the law is equally transparent. It is to save

the widow or minors from absolute destitution upon the loss, by death, of their natural supporter and protector. We admit that, upon the death of a widowed mother, the reason of the law would equally apply to her minor children dependent upon her for support, but, even in that case, the language of the law is too clear to permit their claim against her succession."

Even if it be conceded that the overruling of the 27th. An. case be obiter, the reasoning commends itself to us, and we now unhesitatingly declare that to extend the minor's claim beyond the Succession of the father is judicial legislation and ignores the codal axiom that "when a law is clear and free from all ambiguity, the letter of it is not to be disregared, under the pretext of pursuing its spirit."

Judgment affirmed.

Rehearing refused, May 30, 1904.

Writ denied by Supreme Court, June 30, 1904.